Justice Scalia,
concurring in the judgment.
I do not join the majority opinion because the Court answers for itself two questions that Congress has left to the sound judgment of the Equal Employment Opportunity Commission. As represented by the Solicitor General of the United States in a brief signed by the Commission’s General Counsel, the Commission takes the position that the reasonable-factor-other-than-age provision is an affirmative defense on which the employer bears the burden of proof, *103 and that, in disparate-impact suits brought under the Age Discrimination in Employment Act of 1967 (ADEA), that provision replaces the business-necessity test of Wards Cove Packing Co. v. Atonio, 490 U. S. 642 (1989).
Neither position was contrived just for this case. Indeed, the Commission has arguably held its view on the burden-of-proof point for nearly 30 years. See 44 Fed. Reg. 68858, 68861 (1979). Although its regulation applied only to cases involving “discriminatory treatment,” 29 CFR § 1625.7(e) (2007), even if that covers only disparate treatment, see ante, at 93, n. 9, the logic of its extension to disparate-impact claims is obvious and unavoidable. See Brief for United States as Amicus Curiae 16, n. 1. At the very least, the regulation does not contradict the Commission’s current position: It does not say that the employer bears the burden of proof only in discriminatory-treatment cases.
The Commission’s view on the business-necessity test is newly minted, but that does not undermine it. The Commission has never expressed the contrary view that the fact-finder must consider both business necessity and reasonableness when an employer applies a factor that has a disparate impact on older workers. In fact, before Smith v. City of Jackson, 544 U. S. 228 (2005), the Commission had not even considered the relationship between the two standards, because it used to treat the two as identical. See 29 CFR § 1625.7(d). After City of Jackson rejected that equation, see 544 U. S., at 243, the Commission decided that the business-necessity standard plays no role in ADEA disparate-impact claims, see Brief for United States as Amicus Curiae 25-27, and has even proposed new rules setting forth that position, see 73 Fed. Reg. 16807-16809 (2008).
Because administration of the ADEA has been placed in the hands of the Commission, and because the agency’s positions on the questions before us are unquestionably reasonable (as the Court’s opinion ably shows), I defer to the agency’s views. See Raymond B. Yates, M. D., P. C. Profit *104 Sharing Plan v. Hendon, 541 U. S. 1, 24-25 (2004) (Scalia, J., concurring in judgment). I therefore concur in the Court’s judgment to vacate the judgment of the Court of Appeals.